

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2006

# Silverstein v. Percudani

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Silverstein v. Percudani" (2006). *2006 Decisions.* Paper 118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2288

CARL SILVERSTEIN; TERRY A. SILVERSTEIN

v.

GENE PAUL PERCUDANI; GERALD A. POWELL;
CHASE MANHATTAN MORTGAGE CORP.;
CHAPEL CREEK HOMES, INC.; RAINTREE HOMES, INC.;
HOMES BY VINTAGE, INC.; CHAPEL CREEK MORTGAGE BANKER, INC.;
CHAPEL CREEK MORTGAGE, INC.; GEORGE D. MILLER; WILLIAM SPANER;
JOHN DOE TITLE COMPANY; JOHN DOE ABSTRACT COMPANY;
JOHN DOE MORTGAGE BROKER; Y-RENT, INC.

Carl Silverstein,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 04-cv-01262
(Honorable James M. Munley)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 6, 2006
Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed: December 7, 2006)

OPINION OF THE COURT

PER CURIAM.

Carl Silverstein appeals from an order of the United States District Court for the Middle District of Pennsylvania, dismissing his complaint. We will affirm.

Carl Silverstein,[1] proceeding pro se, filed a complaint in the District Court with five claims: Count I--a count pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) against Gene Percudani, Gerald Powell, Chapel Creek Homes, Inc., Chapel Creek Mortgage, Inc., and Raintree Homes, Inc. (collectively, the Percudani defendants); Count II--a RICO count against Chase Manhattan Mortgage Corp. and William Spaner (the Chase defendants); Count III--a RICO conspiracy claim against George D. Miller; Count IV--a claim against every defendant under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1 et seq. ("UTPCPL"); and Count V--one negligent misrepresentation claim against all defendants. The claims were based on allegations that defendants defrauded him by inducing him to purchase an overvalued home. Defendants filed various motions, including motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b).

On May 26, 2005, the District Court entered an order dismissing Counts IV and V against the Chase defendants, denying the other defendants' motions to dismiss, and ordering Silverstein to file an amended complaint within 20 days, joining his wife as a

---

[1] As explained below, Silverstein was ordered to join his wife Terry in the action. He did so, but she has not appealed the District Court's order.

2

plaintiff and "containing a more definite statement of the date, time, and content of Defendants' fraudulent activity."

Thereafter, Silverstein filed an amended complaint, which included his wife as a plaintiff and added allegations found in paragraphs 90 through 103. The District Court then granted defendants' motions to dismiss as to the RICO counts against the Percudani defendants and the Chase defendants, and sua sponte dismissed the RICO count as to Miller, finding that Silverstein had failed to plead his fraud allegations with specificity, in compliance with Fed. R. Civ. P. 9(b). The District Court dismissed Counts IV and V against the remaining defendants for lack of jurisdiction, as they raised only state law claims, and the federal claims had been dismissed.

Silverstein timely appealed. In his brief, he challenges only the District Court's ruling that his amended complaint failed to plead fraud with the requisite specificity. Our review of the District Court's dismissal of a complaint pursuant to Rule 12(b)(6) is plenary. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). Silverstein's complaint alleged that wire fraud and mail fraud constituted the predicate acts for defendants' RICO violations.[2] Because the predicate acts alleged here are acts of fraud, Silverstein was required to plead those allegations with particularity pursuant to Fed. R.

---

[2] As the District Court noted, to allege a RICO claim, the plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," and injury to property or business. Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). The "racketeering activity" consists of predicate acts enumerated in the RICO statute, 18 U.S.C. § 1961(1), and may include mail fraud and wire fraud.

3

Civ. P. 9(b). Saporito v. Combustion Engineering Inc., 843 F.2d 666, 673 (3d Cir. 1988). To satisfy the requirements of Rule 9(b), the plaintiff should plead the date, place or time of the fraud, and allege with specificity who made the relevant misrepresentations. Lum, 361 F.3d at 224. As the District Court noted, although Silverstein's amended complaint explained the overall scheme in detail, the complaint failed to provide details regarding the harm he suffered personally. For example, the complaint states that he responded to a "Why Rent" advertisement sometime in 1994, but does not explain what the advertisement stated. He alleges he met with "Percudani Defendants," but does not specify which of the Percudani Defendants he met with, on what dates, and what specific misrepresentations were made. The allegations against the Chase Defendants and Miller similarly lacked specificity. We thus agree with the District Court's decision to dismiss the RICO counts.

We further hold that the District Court did not abuse its discretion in dismissing the state law claims of Counts IV and V. Bright v. Westmoreland County, 443 F.3d 276, 286 (3d Cir. 2006) (where claims over which district court had original jurisdiction are dismissed, state law claims should be dismissed unless considerations of judicial economy, convenience, and fairness to parties provide affirmative justification for doing so). We therefore will affirm the District Court's order.

4